IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARVKY CORPORATION, | § | CASE NO. 10-37786-H1-11 |
| | § | (CHAPTER 11) |
| | § | |
| DEBTOR. | § | |

**MOTION OF FANNIE MAE TO PROHIBIT UNAUTHORIZED USE OF CASH
COLLATERAL AND FOR ADEQUATE PROTECTION
<u>PURSUANT TO 11 U.S.C. § 363(e)</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Fannie Mae, a secured creditor of Marvky Corporation (the "Debtor") and a party-in-interest in this case, files this Motion to Prohibit Unauthorized Use of Cash Collateral and For Adequate Protection Pursuant to 11 U.S.C. § 363(e) (the "Motion").

**Jurisdiction and Venue**

1.      The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference from the District Court.  This proceeding is a core proceeding

under 28 U.S.C. § 157(b)(2).  The statutory predicates for relief are 11 U.S.C. § 363(e) and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Summary of Relief Requested

2. Upon information and belief, the Debtor is operating its business and collecting the revenues derived therefrom.  The Debtor owns and operates two apartment complexes, one in Houston, Texas, and the other in Glendale, Arizona.  The rents and profits generated from these apartment complexes constitute Fannie Mae's cash collateral.  However, despite the fact that this bankruptcy case was filed more than 2 weeks ago, the Debtor has not obtained authorization from Fannie Mae or moved this Court for permission to use cash collateral, as required by § 363(c)(2) of the Bankruptcy Code and Bankruptcy Rule 4001(b)(1).  Fannie Mae does not consent to the Debtor's use of cash collateral.

3. Because the Debtor continues to operate its business, and on information and belief, is still receiving cash from the collection of rents generated by the apartment complexes, which rents are Fannie Mae's cash collateral, Fannie Mae believes that its cash collateral is being used without its permission and is in danger of diminution.  The Debtor's failure to follow well-established bankruptcy procedures should compel this Court to prohibit any further use of Fannie Mae's cash collateral by the Debtor, require the Debtor to account for all cash collateral received and used since the Petition Date, and award Fannie Mae adequate protection for any unauthorized use of cash collateral by the Debtor, as well as for any resulting diminution in value of Fannie Mae's collateral to date.

### Factual and Procedural Background

4. On September 6, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor remains in possession of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.  Since the Petition

Date, the Debtor has not obtained permission from Fannie Mae or from this Court to use Fannie Mae's cash collateral. Moreover, the Debtor has not provided an accounting of post-petition cash collateral as required by § 363(c)(4) of the Bankruptcy Code. Fannie Mae filed its Notice of Non-Consent to Use of Cash Collateral (Docket No. 8) (the "Notice") on September 14, 2010. Since that time, and despite numerous requests by Fannie Mae, the Debtor has still not provided Fannie Mae with a budget outlining its income and expenses. As such, the Debtor's financial status and ability to adequately protect Fannie Mae's secured interest, and whether or not the Debtor is currently using Fannie Mae's cash collateral, are unknown.

5. Prior to the Petition Date, Fannie Mae extended certain financial accommodations to the Debtor, which are evidenced by the following documents (collectively, the "Loan Documents"):

(a) Multifamily Note, dated January 7, 1999, executed by the Debtor and payable to Collateral Mortgage in the principal amount of $3,840,000.00 as security for certain financial accommodations extended to the Debtor by Collateral Mortgage (the "Texas Note").

(b) Multifamily Deed of Trust, Assignment of Rents Security Agreement and Fixture Filing dated January 7, 1999, executed by the Debtor and granting a security interest in the property therein described in favor of Collateral Mortgage (the "Texas Deed of Trust"). The Deed of Trust was recorded in the Official Public Records of Harris County, Texas on January 8, 1999 under Clerk's File Number T483501.

(c) Assignment of Deed of Trust from Collateral Mortgage to Fannie Mae dated January 7, 1999 (the "Texas Deed of Trust Assignment"). The Deed of Trust Assignment was recorded in the Official Public Records of Harris County, Texas on January 8, 1999 under Clerk's File Number T483503.

(d) Assignment of Collateral Agreements and Other Loan Documents from Collateral Mortgage to Fannie Mae dated January 7, 1999 (the "Texas Collateral Agreements Assignment").

(e) Extension Agreement, executed by Fannie Mae and the Debtor on January 30, 2009, reinstating the Texas Note and extending its

3

        maturity date to February 1, 2010 (the "Extension Agreement"). The Extension Agreement was recorded in the Official Public Records of Harris County, Texas on August 14, 2009 under Clerk's File Number 20090369701.

(f)    Multifamily Note, dated January 7, 1999, executed by the Debtor and payable to Collateral Mortgage in the principal amount of $5,680,000.00 as security for certain financial accommodations extended to the Debtor by Collateral Mortgage (the "Arizona Note")

(g)    Multifamily Deed of Trust, Assignment of Rents and Security Agreement dated January 7, 1999, executed by the Debtor and granting a security interest in the property therein described in favor of Collateral Mortgage (the "Arizona Deed of Trust"). The Deed of Trust was recorded in the Official Public Records of Maricopa County, Arizona on January 7, 1999 under Clerk's File Number 99-0015484.

(h)    Assignment of Deed of Trust from Collateral Mortgage to Fannie Mae dated January 7, 1999 (the "Arizona Deed of Trust Assignment"). The Deed of Trust Assignment was recorded in the Official Public Records of Maricopa County, Arizona on January 7, 1999 under Clerk's File Number 99-0015486.

(i)    Assignment of Collateral Agreements and Other Loan Documents from Collateral Mortgage to Fannie Mae dated January 7, 1999 (the "Arizona Collateral Agreements Assignment").

(j)    Forbearance Agreement (the "Forbearance Agreement"), executed by Fannie Mae and the Debtor on January 29, 2010, whereby Fannie Mae agreed to forbear exercising its rights and remedies under the Arizona Note until April 1, 2010 (the "Forbearance Period").

6.    Pursuant to the Loan Documents, Fannie Mae holds valid, perfected, first-priority claims against the Debtor that are secured by, among other things, the apartment buildings owned and operated by the Debtor and located at 8787 Hammerly Blvd., Houston, TX 77080, commonly known as the Hammerly Walk Apartments (the "Texas Property"), and the apartment buildings located at 4748 West Sierra Vista Dr., Glendale, AZ 85301, commonly known as the Maryland Lakes Apartments (the "Arizona Property," and together with the Texas Property, the

4

"Properties"), in addition to all personal property and proceeds from and rights attendant to the Properties (collectively, the "Collateral").

7. Pursuant to 11 U.S.C. § 363, all cash and cash equivalents, whether in the form of negotiable instruments, documents of title, securities, deposit accounts, or in any other form, which represent income, proceeds, products, rents or profits of the Collateral that are now in the possession, custody, or control of the Debtor (or persons in privity with the Debtor), or in which the Debtor obtains an interest during the pendency of its case (collectively, the "Cash Collateral") are the "cash collateral" of Fannie Mae. Fannie Mae has valid, first priority, perfected liens and security interests in the Collateral and the Cash Collateral.

## Grounds for Relief

8. Fannie Mae respectfully requests that the Court enter an order: (a) prohibiting any further use of Fannie Mae's Cash Collateral by the Debtor; (b) requiring the Debtor to account for all Cash Collateral used since the Petition Date; and (c) awarding Fannie Mae adequate protection for the Debtor's use of Cash Collateral and any resulting diminution in value of the Collateral since the Petition Date, including allowing Fannie Mae, or its authorized representatives, access to inspect the Arizona Property in order to, among other things, complete a Physical Needs Assessment ("PNA") and appraisal for the Arizona Property.

9. As set forth above, Fannie Mae holds properly perfected liens in the Debtor's Property, including, but not limited to, the Debtor's cash, accounts receivable, inventory, earnings, rents, leases, royalties, rights-of-way, improvements, and fixtures on the Properties, and any proceeds therefrom.

10. Section 363(e) of the Bankruptcy Code and Bankruptcy Rule 4001(a)(1) permit a party with an interest in cash collateral to move the court to prohibit the use of cash collateral. 11

U.S.C. § 363(e) (2006); FED. R. BANKR. P. 4001(a)(1).  This Court should prohibit the Debtor's use of Cash Collateral because, among other things, the Debtor has inexcusably failed to relate to Fannie Mae its intentions for the Cash Collateral, provide a budget outlining the Debtor's income and expenses related to the Properties, properly file a motion with this Court seeking authorization to use cash collateral, or make a showing that it has properly accounted for and segregated the Cash Collateral.  Such actions require this Court to ensure that the Debtor does not improperly and impermissibly use the Cash Collateral and deplete Fannie Mae's interest in its Collateral.

      11.     A debtor is authorized to use cash collateral if all parties with an interest in the cash collateral consent, or upon approval by the court after a notice and a hearing. *See* 11 U.S.C. § 363(c)(2).  If the debtor has not obtained the consent of all parties with an interest in the cash collateral, § 363(c)(2)(B) of the Bankruptcy Code and Bankruptcy Rule 4001(b)(1) require a debtor wishing to use cash collateral to move the court and state:

    (a)    the name of each entity with an interest in the cash collateral;

    (b)    the purposes for the use of the cash collateral;

    (c)    the material terms, including duration, of the use of the cash collateral; and

    (d)    any liens, cash payments, or other adequate protection that will be provided to each entity with an interest in the cash collateral or, if no additional adequate protection is proposed, an explanation of why each entity's interest is adequately protected.

FED. R. BANKR. P. 4001(b)(1)(B); *see also* 11 U.S.C. § 363(c)(2)(B).

      12.     Fannie Mae has not consented and does not consent to the Debtor's use of Cash Collateral.  Fannie Mae formally communicated this to the Debtor when Fannie Mae filed its Notice.  Nevertheless, the Debtor has failed to file any motion requesting use of the Cash Collateral in this bankruptcy case and continues to operate its business seven days after Fannie

6

Mae filed its Notice and fifteen days after the Petition Date. Given that the Debtor's business operations are ongoing, and on information and belief, the Debtor continues to receive and fund operations with cash from rents generated by the Properties, which is Fannie Mae's Cash Collateral, the status of the Cash Collateral while in the hands of the Debtor is of paramount concern to Fannie Mae. The Court should prohibit Cash Collateral usage because Fannie Mae does not consent to the Debtor's use of the Cash Collateral and the Debtor has failed to show that it can provide the mandatory adequate protection for Fannie Mae's interest. *See* 11 U.S.C. § 363(e); FED. R. BANKR. P. 4001(b)(1)(B); *In re Grant Broad. of Phila., Inc.*, 75 B.R. 819, 823 (E.D. Pa. 1987) (holding that the burden of proof rests with the debtor to show that the creditor is adequately protected for purposes of § 363(c)(2)); *In re Goode*, 235 B.R. 584, 589-90 (Bankr. E.D. Tex. 1999).

13. Moreover, in the absence of authorization to use cash collateral, a debtor is under a strict obligation to segregate and account for all cash collateral. *See* 11 U.S.C. § 363(c)(4); *In re Four Seasons Marine & Cycle, Inc.*, 263 B.R. 764, 768-69 (Bankr. E.D. Tex. 2001). The Debtor's failure to provide an accounting of the receipt of Fannie Mae's Cash Collateral, and proof of its segregation of the same, constitutes a failure to comply with the most basic and rudimentary requirements of a debtor-in-possession under the Bankruptcy Code and the Bankruptcy Rules. As such, it is crucial that this Court order the Debtor to account for its use and receipt of Cash Collateral.

14. To the extent that Fannie Mae may be unable to fully recover any Cash Collateral consumed by the Debtor during the pendency of this case, Fannie May should be awarded a super-priority administrative claim. Fannie Mae requests that any such claim be granted priority over all other administrative claims of any kind against the Debtor's estate.

15.    To the extent that Fannie Mae may be unable to fully recover, through the liquidation of property encumbered by post-petition liens, or through the payment of a super-priority administrative claim, any Cash Collateral consumed by the Debtor during the pendency of this case, Fannie Mae reserves its right to seek additional relief from this Court, including reimbursement to Fannie Mae through the imposition of monetary assessments or sanctions against those persons in control of the Debtor, as a result of the Debtor's unauthorized use of Cash Collateral.  Sanctions against the Debtor, and any other responsible entity, are appropriate when the Debtor impermissibly uses cash collateral. *See* 11 U.S.C. § 105(a); *Mercantile Nat'l Bank at Dallas v. Aerosmith Denton Corp.* (*In re Aerosmith Denton Corp.*), 36 B.R. 116, 119-20 (Bankr. N.D. Tex. 1983) (interpreting the scope of § 105(a) to permit a court to impose sanctions against a debtor for improper use of cash collateral, as well as against any other responsible entity, including debtor's counsel).  As such, if this Court finds, upon the Debtor's submission of an accounting of the rents, that the Debtor used the Cash Collateral without authorization, sanctions may be awarded against the Debtor and any other responsible entity. *See In re Four Seasons*, 263 B.R. at 768-70; *In re Aerosmith Denton*, 36 B.R. 119-20.

### Prayer

Fannie Mae respectfully requests that the Court grant the relief requested in this Motion, enter an Order prohibiting the Debtor's use of Cash Collateral, require the Debtor to prepare and submit to Fannie Mae and this Court an accounting of its use, receipt, and segregation of Fannie Mae's Cash Collateral since the Petition Date, and require the Debtor to provide Fannie Mae, or its authorized representatives, access to inspect the Arizona Property in order to, among other things, complete a PNA and appraisal of the Arizona Property.  Fannie Mae also requests such other and further relief to which it may be justly entitled, both at law and in equity

**DATED: September 21, 2010**

Respectfully submitted,

**WINSTEAD PC**
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 650-8400 (Telephone)
(713) 650-2400 (Facsimile)

By: _____*/s/ Sean B. Davis*_____
　　　　Matthew T. Ferris [1]
　　　　State Bar No. 24045870
　　　　Sean B. Davis
　　　　State Bar No. 24069583
　　　　S.D. Tex. No. 1048341

**ATTORNEYS FOR FANNIE MAE**

---

[1] Resident at Winstead's Dallas office.

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 21, 2010, notice of this document will be mailed via first class mail, postage prepaid, to the parties listed below.  Additionally, notice will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

                                                   */s/ Sean B. Davis*
                                                      One of Counsel

**Debtor:**
Marvky Corporation
4420 FM 1960 West, Suite 224
Houston, TX 77068

**Debtor's Counsel:**
John Akard, Jr.
JOHN AKARD, JR. P.C.
7500 San Felipe, Suite 700
Houston, TX 77063
Facsimile: (832) 237-8610

**U.S. Trustee:**
Nancy L. Holley
OFFICE OF THE U.S. TRUSTEE
515 Rusk St., Suite 3516
Houston, TX 77002

**Parties Requesting Notice:**
John P. Dillman
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
P.O. Box 3064
Houston, TX 77253-3064
Facsimile: (713) 844-3503