IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MARVKY CORPORATION | § | CASE NO. 10-37786 |
| DEBTOR | § | (CHAPTER 11) |

### EMERGENCY MOTION FOR INTERIM AND FINAL USE OF CASH COLLATERAL BY DEBTOR

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Marvky Corporation ("Debtor"or "Marvky"), the debtor in the above-referenced chapter 11 bankruptcy case, and files this Emergency Motion of the Debtor for entry of an Order Authorizing Interim and Final Use of Cash Collateral ("Motion") and would show this Court the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtors' Chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## PROCEDURAL STATUS

2.   On September 6, 2010 (the "Petition Date"), the Debtor commenced a case under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

3.   No trustee or examiner has been appointed in the Bankruptcy, nor has any creditors' committee or other official committee been appointed pursuant to section 1102 of the Bankruptcy Code. A motion for expedited consideration of this motion has been filed contemporaneously herewith.

## BACKGROUND FACTS

4.   The Debtor is a Houston based company that develops, manages and leases two apartment complexes, one in Houston Texas, Hammerly Walk, and one in Phoenix Arizona, Maryland Lakes. The Debtor has approximately 430 tenants in the Maryland Lakes and Hammerly Walk properties (hereinafter the "Properties"). The Debtor is a Texas corporation that was incorporated in 1996. The officers of the Debtor are:

- Chowdary Yalamanchili, President and Director
- Bhagavan R. Malladi, Vice-President

The shareholders of the Debtor are:

| Shareholder | Ownership |
|---|---|
| Chowdary Yalamanchili | 2% Ownership |
| Bhagavan R. Malladi | 25% Ownership |
| Malladi Reddy | 30% Ownership |
| Kommula C. Rao | 5% Ownership |
| Krishna G. Yalamanchili | 5% Ownership |
| Krishnama K. Rju | 5% Ownership |
| Mohana R. Arla | 5% Ownership |
| Penmetsta N. Varma | 5% Ownership |
| Sujatha Yalamanchili | 1.5% Ownership |
| Suneeta Yalamanchili | 1.5% Ownership |
| Vidyadhar Gandra | 15% Ownership |

5.   Fannie Mae is the holder of a mortgage against the Properties. The Notes were originally entered in 1999 in connection with Marvky acquiring the Properties. Each Note had 10 year terms which were extended for one (1) year by agreement of the parties. Throughout the term

of each Note, all payments due were made and thus, the Debtor made payments on the Notes through August 20, 2010.

6. After the one (1) year extension on each Note, the parties were not able to agree on an additional extension of the maturity date of the Notes. Fannie Mae sought and obtained the appointment of a receiver over the Maryland Lakes property and posted the Hammerly Walk property for foreclosure.

7. Thus, the Debtor filed for bankruptcy relief because Fannie Mae had a receiver appointed related to the Maryland Lakes property and posted the Hammerly Walk property for foreclosure.

8. There is substantial equity in each of the Properties, approximately $620,000 in Maryland Lakes and $4,230,000 in Hammerly Walk after taking into account the amounts due to Fannie Mae.

9. The Debtor generates its revenue through rental income associated with the Properties.

10. Prior to filing bankruptcy, the Debtor had identified a potential purchaser for Maryland Lakes. Accordingly, very generally, the Debtor plans to reorganize by selling Maryland Lakes and refinancing Hammerly Walk. The Debtor anticipates that by so doing it will be able to propose a plan of reorganization which provides for payment of its creditors in full.

**EMERGENCY NATURE OF THIS MOTION**

11. The Debtor respectfully requests that this Court schedule an emergency preliminary hearing to authorize the Debtor's interim use of cash collateral in accordance with Federal Rule of Bankruptcy Procedure 4001(b)(2). If Marvky is not immediately authorized to use its cash collateral pending a final hearing, Marvky will be unable to meet its ongoing operational expenses and its estate will suffer immediate and irreparable harm.

12. The Debtor has ten (10) salaried and hourly employees and an additional eight (8) individuals who provide contract services on an hourly basis. A separate motion to authorize the payment of wages to salaried and hourly employees and the individuals who provide contract services, including for a portion of the pay period which fell in the pre-petition period, is being filed

contemporaneously herewith.  None of these employees are officers, directors or shareholders of the Debtor and none of them are paid in excess of $40,000 per year by the Debtor.

13. A near-term budget enumerating the line items expenses that are anticipated during the first two (2) two (2) week period following the Petition Date is attached hereto as **Exhibit "A."** A three-month budget projecting the revenues that the Debtor expects to generate as well as the expenditures that the Debtor needs to pay is a attached hereto as **Exhibit "B."**

## SECURED DEBT

14. The Debtor entered into two Promissory Notes currently held by Fannie Mae, as follows:

   a. Promissory Note in the original principal amount of $3,840,000 payable to Collateral Mortgage, Ltd., a limited partnership organized and existing under the laws of Alabama ("Collateral Mortgage"), dated January 6, 1999, together with a Multifamily Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing related to real property located in Houston, Harris County, Texas known as Hammerly Walk Apartments ("Hammerly Walk Apartments Indebtedness")'; and

   b. Promissory Note in the original principal amount of $5,680,000.00 payable to the order of the Collateral Mortgage, dated January 6, 1999 together with a Multifamily Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing related to real property located in Glendale, Maricopa County, Arizona known as the Maryland Lakes Apartments (the "Maryland Lakes Apartments Indebtedness")'.

15. All indebtedness due and owing to Fannie Mae is cross collateralized.  (Collateral Mortgage's Deed of Trust on the real property and lien on the personal property is collectively referred to herein as the "Prepetition Collateral.)"  Copies of the Hammerly Walk Apartments Indebtedness loan documents are attached hereto as **Exhibits "C-1" and "C-2."** Copies of the Maryland Lakes Apartments Indebtedness loan documents are attached hereto as **Exhibits "D-1" and "D-2."**

16. Under the terms of the Hammerly Walk Apartments Indebtedness, the Debtor was required to make monthly payments of $25,922.65.  As of the Petition Date, the balance outstanding on the Hammerly Walk Apartments Indebtedness is $3,172,792.00.

17. Under the terms of the Maryland Lakes Apartments Indebtedness, the Debtor was required to make monthly payments of $38,343.92.  As of the Petition Date, the balance outstanding on the Maryland Lakes Apartments Indebtedness is $4,732,864.00.

18. The Debtor's obligations arising under the prepetition loan agreements are secured by the underlying properties' land, improvements, fixtures and rents ("Cash Collateral"). Absent the entry of the cash collateral Order, Debtor has insufficient unencumbered funds to meet its ongoing obligations of payroll and normal operating expenses.

19. The Debtor and Fannie Mae have had discussions regarding the use of the cash collateral; however, Fannie Mae has filed a Notice of Non-Consent to Use of Cash Collateral (Docket No. 8) and Motion to Prohibit Unauthorized Use of Cash Collateral and for Adequate Protection. The Debtor and Fannie Mae are hopeful that they will be able to reach an agreement related to use of cash collateral.

## RELIEF REQUESTED

20. Under Section 363(c)(2)(B) of the Bankruptcy Code, the Court can authorize the use of Cash Collateral after notice and hearing. Good cause exists for the entry of an order authorizing use of cash collateral. The Debtor will provide Fannie Mae adequate protection of its interest in the Cash Collateral pursuant to Sections 361 and 363 of the Bankruptcy Code. The relief requested herein is necessary, essential and appropriate for the continued survival and operation of the Debtor's business, absent which the Debtor's ability to maximize the value of its estate for the benefit of its creditors will be irreparably jeopardized to the detriment of its creditors.

21. Under Bankruptcy Rule 4001(b), the Court may conduct a preliminary hearing and authorize the use of Cash Collateral to the extent necessary to avoid immediate and irreparable harm pending a final hearing. The Debtor requests such expedited approval of interim use of Cash Collateral. The Debtor needs to use Cash Collateral immediately to continue its business operations. Without immediate use of Cash Collateral, the Debtor will suffer immediate and irreparable harm because it will be unable to meet ongoing operational expenses.

22. The Debtor seeks to use Cash Collateral for the two week period beginning from the Petition Date. The attached budgets (Exhibit A& B) contain the Debtor's good faith estimate of the amounts of expenses in each particular category. The budgets include, but are not limited to, payroll for the employees, monies for adequate assurance payments to utilities in accordance with §366, and other necessary ordinary course expenses.

## ADEQUATE PROTECTION

23.     Allowing the Debtor to use the Cash Collateral will not prejudice the rights of Fannie Mae, because Fannie Mae is sufficiently adequately protected by the equity cushion in the Properties.  As of the date of the filing of the Bankruptcy, Marvky has valued Maryland Lakes at $5,350,000 and Hammerly Walk at $7,400,000.  The Properties provide Fannie Mae with a substantial equity cushion, approximately $4,850,000.  Therefore, the secured claims of Fannie Mae are adequately protected.

24.     Further, Fannie Mae will be given a replacement lien on the assets on which Fannie Mae currently has a valid security interest.  Such replacement liens will have the same priority as Fannie Mae's prepetition liens and, absent further court order, will not be primed or subordinated to any postpetition financing or liens obtained or granted by the Debtor.  Moreover, although the Debtor does not believe that there will be any diminution in the value of Fannie Mae's Cash Collateral during the applicable period, Fannie Mae is further adequately protected by Bankruptcy Code § 507(b), which grants Fannie Mae an administrative expense claim for any diminution in the value of its Cash Collateral.

25.     Accordingly, the Debtor requests that it be allowed to use Fannie Mae's Cash Collateral as set forth in the budgets attached hereto as **Exhibits "A" and "B"** on an interim and final basis, and that it be allowed to use such Cash Collateral through the date of the final hearing. The proposed form of order approving the interim use of cash collateral is being filed concomitantly herewith and contains the conditions offered by the Debtor for its use of cash collateral on an interim basis.

## FINAL HEARING REQUESTED

26.     The Debtor shall mail copies of a notice of the approval of the Interim Cash Collateral Order, together with a copy of the order, to those listed below under the heading "Notice". The notice of approval of this Order shall state that any party in interest objecting to this Order as a final order shall file written objections with the United States Bankruptcy Court Clerk for the Southern District of Texas, Houston Division no later than a date which is at least two business days in advance of the hearing date; which objections shall be served so that the same are received on or before 3:00 p.m. (Central Time) on such date by: (a) counsel to the Debtor; (b) counsel for Fannie Mae; and (c) the Office of the United States Trustee for the Southern District of Texas, Houston

Division. The date for the final hearing shall be set by the Court and noticed accordingly. If there are no objections to the order, it may become final on a date set by the Court.

## NOTICE

27.  Notice of this Application has been given to: (I) the Office of the United States Trustee for the Southern District of Texas, (ii) the attorneys for Fannie Mae, (iii) the scheduled secured creditors (iv) the 20 largest unsecured creditors; and (v) all other parties entitled to notice as indicated on the attached service list in the manner indicated on the attached service list. Due to the expedited nature of the hearing requested, notice was given via fax or email where available. All parties in interest were served with Exhibits "A" and "B," the budget exhibits, but only those parties receiving notice via ECF were served with the loan documents attached as Exhibits "**C-1**" **through "D-2**."

WHEREFORE, the Debtor respectfully requests that this Court enter the proposed Order (I) granting expedited approval of the Debtor's interim use of Cash Collateral pending a final hearing; (ii) setting a final hearing on this Motion; (iii) authorizing further use of Cash Collateral at that final hearing, and (iv) for such other and further relief to which the Debtor may be entitled, either at law or in equity.

Respectfully submitted,

By: /s/ John Akard Jr
JOHN AKARD JR., of Counsel
Texas Bar No. 00790212
MASON, COPLEN & BANKS PC
7500 San Felipe, Suite 700
Houston, Texas 77063-1709
Telephone: 713-785-5595
Facsimile: 713-785-8651
**ATTORNEYS FOR DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on the parties listed on the attached service list by ECF filing, fax, email or first class mail on the 27th day of September, 2010.

By: /s/ John Akard Jr.